**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4748**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEOKI KENTA HARRIS, a/k/a Kenta Harris,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:08-cr-01221-GRA-1)

Submitted:  April 20, 2010            Decided:  May 20, 2010

Before TRAXLER, Chief Judge, and WILKINSON and DUNCAN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Russell  W.  Mace,  III,  Myrtle  Beach,  South  Carolina,  for
Appellant.   Kevin F. McDonald, Acting United States Attorney,
E. Jean Howard, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keoki Harris pled guilty to possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). He was sentenced to 188 months in prison. He appeals, contending that the district court violated Fed. R. Crim. P. 11 and that his guilty plea was unknowing and involuntary. We affirm.

Harris claims that the district court violated Rule 11 because the court advised him that his advisory Guidelines range would be 151-188 months. This range proved erroneous; the correct range was 188-235 months. The mistake did not constitute a violation of Rule 11, however, for there is no requirement in the Rule that a defendant be provided with a forecast of his advisory Guidelines range. Rather, under Rule 11(b)(1)(H)-(I), the district court must inform the defendant of, and ensure that he understands, the statutory minimum and maximum sentences that he faces. "In reviewing the adequacy of compliance with Rule 11, [we] accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). During Harris' Rule 11 colloquy, the minimum and maximum sentences that he faced were mentioned several times, and Harris represented to the court that he

2

understood. We conclude that the court complied with this requirement of Fed. R. Crim. P. 11.

Harris argues that he relied on the district court's erroneous prediction of his advisory Guidelines range in deciding to plead guilty and that his plea was therefore unknowing and involuntary. Because Harris did not move in the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Harris] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir 2007). Even if Harris satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." See id. (internal quotation marks omitted).

Here, Harris cannot make the required showing. During the plea colloquy, the court asked, "Do you understand that you could get anywhere between 151 months to 188 months?" Harris replied, "Yes, Your Honor." Harris' sentence of 188 months falls within this range. He cannot seriously claim that the error in forecasting his advisory Guidelines range affected his

3

substantial rights when he received a sentence within that range.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED